IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DANTE G. FRAZIER,                          )
                                           )
              Plaintiff,                   )              4:07cv3019
                                           )
       vs.                                 )        MEMORANDUM AND ORDER
                                           )
RICHARD LUTTER, et al.,                    )
                                           )
              Defendants.                  )

This matter is before the court for initial review of the complaint filed by the plaintiff, Dante G. Frazier, a prisoner in the custody of the United States Bureau of Prisons. The plaintiff is serving a prison sentence imposed by District Judge Laurie Smith Camp in Case No. 8:02cr356 for possession of pseudoephedrine, an ingredient used in the manufacture of methamphetamine.

Because the plaintiff is incarcerated, the Prison Litigation Reform Act ("PLRA") applies to this case. The PLRA requires the court to screen civil rights complaints brought by confined persons, establishes criteria governing dismissal of prisoner complaints, and restricts remedies and procedures in prisoner litigation. See, e.g., 28 U.S.C. § 1915A, which directs the court to screen prisoner complaints. Similarly, by proceeding in forma pauperis (" IFP"), the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

1

During a suppression hearing in the plaintiff's criminal case, two investigators of the Nebraska State Patrol explained the factors which caused them to target for surveillance the truck driven by the plaintiff.   Those investigators, Richard Lutter and Anthony Sattlefield, testified that the factors which caused them to suspect the plaintiff of drug activity included "a Bible on the front dash" of his vehicle, "which they contended is a common method drug couriers use to avoid suspicion." United States v. Frazier, 408 F.3d 1102, 1106 (8th Cir. 2005).

In the above-entitled case, the plaintiff has sued the two State Patrol investigators for violating his First Amendment rights because of their suspicion that the Bible on the dashboard of his vehicle signified drug activity.  (Complaint at ¶ V.)  That characterization, according to the plaintiff, infringed his rights to free speech and free exercise of his religion. In addition, the Bible, although confiscated, was not introduced into evidence or returned to the plaintiff.  Therefore, the plaintiff seeks damages and an official apology from each defendant.

The Eighth Circuit, reviewing the evidence submitted at the suppression hearing, upheld the district court's rejection of an equal protection challenge made by the plaintiff, holding that the plaintiff had failed to prove that he had been targeted for investigation because of his race.  In other words, the plaintiff failed to establish that the Bible and other indicators cited by Lutter and Sattlefield were merely a pretext for racial discrimination. Id. at 1108-09.  In essence, therefore, it is not beyond the realm of possibility that the carrying of a Bible on the dashboard of a vehicle can be indicative of drug courier behavior, even if such conduct is often benign.

The First Amendment to the U.S. Constitution does not protect the plaintiff in the circumstances of this case.  The plaintiff was no more precluded from, or penalized for, carrying a Bible on his dashboard than he was prevented from, or punished for, driving a vehicle, or breathing, for that matter.  It was the illegal activity in which the plaintiff was engaged, at the same time as he conducted lawful pursuits, that caused him to be arrested and convicted.

This case must be dismissed for failure to state a claim on which relief may be granted against the defendants.  Therefore, the above-entitled case will be dismissed,

without prejudice, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii).  The plaintiff may be able to move for return of property in his criminal case with respect to the missing Bible.

THEREFORE, IT IS ORDERED:

1.    That the above-entitled case and the plaintiff's complaint are dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii); and

2.    That judgment will be entered in accordance with this Memorandum and Order.

March 27, 2007.                        BY THE COURT:


                                       s/ *Richard G. Kopf*
                                       United States District Judge

3